IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATE OF AMERICA, | ) |
| vs. | ) Criminal No. 10-187-10 |
| DEQUILLARAE ZELLOUS, | ) |
| Defendant. | ) |

AMBROSE, Senior District Judge

## MEMORANDUM ORDER

Pending is Criminal Justice Act (CJA) appointed counsel's Petition for Attorney's Fees. The CJA provides compensation for appointed counsel at the conclusion of counsel's representation for in court time and time "reasonably expended" out of court. 18 U.S.C.A. §3006A(d)(1). Authority and discretion to determine appropriate compensation lies with the District Judge. 18 U.S.C.A. §3006A(d)(5).

Congress has, however, limited compensation for appointed counsel in CJA felony cases to $9,700.00. 18 U.S.C.A. §3006(A(d)(2). Appointed counsel in this case has submitted a claim for fees and expenses in the amount of $13,400.00, an amount in excess of the amount authorized by Congress. Of that amount $475.00 was for in court time, $12,925.00 was for work done outside of court.

Payment exceeding the $9,700.00 maximum may only be made for "extended or complex representation." 18 U.S.C.A. §3006A(d)(3). Extended representation is representation involving more time than required in the usual case.

Counsel represented Defendant from September 30, 2010 until November 1, 2011. Although the representation exceeded 1 year in length, much of that time is attributable to the fact that a Superseding Indictment was filed, counsel's numerous motions for extensions of time

to file pretrial motions and the numerous requests of other Defendants for continuances of the pretrial hearing.

I do not find that this to be a complex case. The indictment charged Defendant with 1 count of conspiracy to distribute and possess with intent to distribute 1 kilogram or more of heroin.

The government's allegations are straight forward.

Pretrial motions filed by Defendant were customary and routine, *i.e.*, a Motion for a Bill of Particulars. In fact, for the most part, Defendant's pretrial motions were filed by co-Defendants and this Defendant requested joinder in those motions. No hearing on these motions has been held.

This case is a typical drug trafficking conspiracy case. Although I realize that counsel spent many hours in his representation that is not the controlling factor in my determination of whether Congress's mandate of $9,700.00 should be exceeded. Instead, the focus is on the nature of the case and the complexity of the facts and law. As I have indicated, I find the case to be typical and not complex.

In no way do I dispute counsel's representation of hours expended. I conclude that counsel adequately and professionally represented Defendant and performed a valuable service to the court and the public. Nevertheless, I am constrained to follow the maximum fee limit mandated by Congress in this case as I find that the case is neither unusually complex not extended.

Therefore, this 11th day of January, 2012, I will award counsel $9,700.00 for fees and expenses.

> BY THE COURT:
>
> s/ Donetta W. Ambrose
> Donetta W. Ambrose
> United States Senior District Judge